## A. L. COLE *vs.* LAWRENCE L. AUNE.

### January 29, 1889.

Attachment—Claim Founded on Embezzlement.—In an action for the recovery of money an attachment may issue, under Gen. St. 1878, c. 66, § 147, where, from the affidavit, it appears that the defendant has embezzled or fraudulently converted to his own use the money of plaintiff, to recover which the action is brought. The language of the statute allowing an attachment where "the plaintiff's debt was fraudulently contracted" is to be liberally construed, so as to include "debts or liabilities fraudulently created or incurred."

Appeal by plaintiff from an order of the district court for Otter Tail county, *Baxter,* J., presiding, vacating an attachment. The affidavits showed that by written agreement the defendant was to serve plaintiff as clerk in his store for a certain time at a salary of $60 per month and one-half the net profits of the business; but defendant's share of the profits was not to be payable until the profits should be ascertained by an accounting, which was never had. The

business was to be carried on by the parties under the name of Cole & Aune, but defendant was not to be in fact a partner, but merely a clerk. While these relations existed, defendant received his full monthly salary, and also wrongfully appropriated to his own use, without plaintiff's knowledge, other sums of money belonging to and used in the business, for which he has refused to account and which this action was brought to recover. On these facts the court was of opinion that the defendant's acts did not constitute the fraudulent contracting of a "debt" within the statute cited in the opinion.

*M. R. Tyler*, for appellant.

*Rawson & Houpt*, for respondent.

VANDERBURGH, J. The affidavit for the attachment shows the existence of a fiduciary relation between the parties. The agency of the defendant, the extent of his powers and compensation, were clearly defined in the written contract set forth in the affidavit. It also appears that the defendant has wrongfully appropriated to his own use, without plaintiff's consent, and contrary to the terms of the contract, a large amount of money belonging to his principal, in excess of the amount due him for his compensation. The affidavit shows a fraudulent conversion of the money sued for, and the plaintiff, therefore, contends that the debt or liability was fraudulently created or incurred, and that a case is made for an attachment, under the provision of the statute which allows the writ to issue "when the plaintiff's debt was fraudulently contracted." Section 145, c. 66, Gen. St. 1878, allows an attachment in actions for the recovery of money; and section 147 provides for the allowance of the writ when the plaintiff shall make an affidavit  *  *  *  "specifying the amount of the claim, and the ground thereof, and that the plaintiff's debt was fraudulently contracted." The clause last quoted refers generally to the claim sued on, whether the latter is a debt in a strict technical sense or not. The term "debt" is differently defined, according to the subject-matter and language in connection with which it is used. Strictly, it denotes a sum of money due upon contract, arising from the agreement of parties. In a more enlarged sense, it may mean any just claim or demand for the recovery of money; that which one person owes and is bound to pay to another. *New Jersey*

v.40m—6

*Ins. Co.* v. *Meeker*, 37 N. J. Law, 282, 301; *Newell* v. *People*, 7 N. Y. 9, 124; *Com.* v. *Keeper of the Jail of Philadelphia*, 4 Serg. & R. 505. Strictly speaking, a "debt" is said "to be contracted," and a "liability incurred;" but, when the term "debt" is interpreted in the enlarged sense, the strict signification of the word "contracted" may also be modified, so as to extend to liabilities other than those directly growing out of the contracts of parties. So held in *Carver* v. *Braintree Mfg. Co.*, 2 Story, 432. See, also, *Robinson* v. *Vale*, 2 Barn. & C. 762. In *Armstrong* v. *Cowles*, 44 Conn. 44, a different construction was adopted; but there the statute was in a sense penal in its nature, and a strict construction was proper. Here the statute under consideration is a remedial one, and must be liberally construed to advance the remedy. The question to be considered is the intent of the legislature, to be fairly gathered from the nature and object of the statute, and the context in connection with which the particular words are used. We think the construction of the statute contended for by the plaintiff is warranted, and that the writ was properly allowed in this case.

Order reversed.