WILLIAM C. BAXTER v. MICHAEL NASH and Others.[1]

November 5, 1897.

Nos. 10,916—(72).

Attachment—Grounds—Fraud.

G. S. 1894, § 5289, does not authorize the issuing of an attachment on the sole ground "that the plaintiff's debt was fraudulently contracted," in an action where the plaintiff's alleged cause of action is based upon a tort committed by the defendants, as directors of a bank, in receiving a deposit therein from the plaintiff, knowing the bank to be insolvent.

[1] Reported in 72 N. W. 799.

Appeal by plaintiff from an order of the district court for Hennepin county, Elliott, J., dissolving an attachment upon property belonging to the defendant Nash. Affirmed.

*Geo. R. Robinson* and *A. H. Young*, for appellant.

In England the right to a civil remedy for an injury growing out of a criminal or felonious act is postponed until the public injury is satisfied. 1 Addison, Torts, 54, § 45, but in this country both remedies, the public by criminal prosecution of the offender, and the private by civil action, may be prosecuted at the same time. 1 Bishop, Crim. Law, § 264. The act complained of in the complaint and set out in the affidavit for attachment resulted in injury, especially of this plaintiff, and as such he is entitled to recover. First National v. Harper, 61 Minn. 375; Rochester v. Loomis, 45 Hun, 93; Moseby v. Williamson, 5 Heisk. 278. The defendants perpetrated a gross fraud on plaintiff in receiving his money. Craigie v. Hadley, 99 N. Y. 131; Anonymous, 67 N. Y. 598. The defendant in this case would have been liable if only negligence were charged. Delano v. Case, 121 Ill. 247. If liable for a wrong of omission it is preposterous to say that for a wrong willfully and knowingly committed the defendant could not be held responsible in damages. Attachment is a remedy allowed in cases of tort. Cole v. Aune, 40 Minn. 80.

*Steele & Megaarden*, for respondents.

1. There is no authority at common law, by statute or contract, whereby this action can be maintained. Zinn v. Mendel, 9 W. Va. 580. To the same effect are: 3 Thompson, Corp. § 4137; Frost v. Foster, 76 Iowa, 535; Fusz v. Spaunhorst, 67 Mo. 256; Priest v. White, 89 Mo. 609; National v. Peters, 44 Fed. 13; Smith v. Poor, 40 Me. 415; Branch v. Roberts, 50 Barb. 435; 1 Beach, Priv. Corp. § 255; Salmon v. Richardson, 30 Conn. 360; Vose v. Grant, 15 Mass. 505; Crown v. Brainerd, 57 Vt. 625. The appellant rests his case solely on the criminal statute, Laws 1895, c. 219, which makes it a felony for any director, officer, etc., to receive money when the bank is insolvent. This law does not expressly create any civil liability, nor did the legislature intend by its enactment to create any civil

liability, so far as the person receiving the money is concerned, for if it did it would have said so.

2. It is not alleged that respondent did or said anything that induced appellant to deposit his money in this bank, and there is no contract either expressed or implied or alleged as existing between appellant and respondent. There is no privity of contract between them. National v. Peters, supra. When defendant traverses the affidavit for attachment denying the grounds alleged and the trial court dissolves the attachment, the appellate court will not reverse the order when the affidavits conflict, unless the clear preponderance of the evidence is opposed to the decision of the court below. Rosenberg v. Burnstein, 60 Minn. 18. The cases cited by appellant are not applicable to this case. First National v. Harper, 61 Minn. 375, cited by appellant, rests on G. S. 1894, § 2600, subd. 3, and has no application to banks or bank directors.

START, C. J.

This action, and the one entitled Baxter v. Coughlin, supra, page 1, are one and the same. This is an appeal from an order dissolving an attachment issued therein upon the sole ground that "the plaintiff's debt was fraudulently contracted." The character of the plaintiff's alleged cause of action is discussed and determined in the decision referred to.

The language of the statute (G. S. 1894, § 5289), allowing an attachment where "the plaintiff's debt was fraudulently contracted," is to be liberally construed, so as to include debts fraudulently created or incurred. Cole v. Aune, 40 Minn. 80, 41 N. W. 934. The plaintiff's cause of action, however, does not fall within even this liberal construction, for it is founded solely in tort. It did not grow directly or indirectly out of any contractual relations between the parties hereto, but out of a violation by the defendants of a statute prohibiting them, as directors of a bank, from receiving deposits therein, knowing it to be insolvent. The plaintiff's contract for the deposit was with the banking corporation, not with the defendants, and his claim against them is for consequential damages which he has sustained by their violation of a penal statute; because, if they had observed the statute, the contract would never have been made.

Such claims cannot be metamorphosed into "a debt fraudulently" contracted by the most heroic construction. See Drake, Attachm. § 77.

Order affirmed.